IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Green, #200072, ) | C/A No.: 3:15-4673-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Charles Green ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the State of South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges that he previously brought a lawsuit in this court pursuant to 42 U.S.C. § 1983. [ECF No. 1 at 2]. He states that the court appointed an attorney to represent him during the deposition and jury trial of that case because he was illiterate. *Id*. Plaintiff states he lost his lawsuit and he filed an appeal with the Fourth Circuit Court of Appeals. *Id.* Plaintiff claims he again moved for appointment of counsel, but because of the time constraints imposed by the court, he perfected his appeal with the assistance of a fellow inmate. *Id.* Plaintiff states the district court's decision was affirmed. *Id.*

Plaintiff argues he tried to move for an extraordinary writ of mandamus, but the writ was returned "for various reasons." *Id.* Plaintiff alleges he was not able to comply with the rules because of his inability to read or write. *Id.* Plaintiff states he then attempted to move for a writ of certiorari in the United States Supreme Court, but the petition was returned as untimely due to his illiteracy and not having been appointed an attorney upon request. *Id.* Plaintiff asks the court to address the following question:

> Do the United States Constitution and federal court rules provide any right, duty, power, liability, privilege, disability, or immunity to a pro se 1983 lawsuite petitioner, who cannot read or write, to be appointed a counsel to represent him at every stage in his lawsuite, including appeals up to the United States Supreme Court?

*Id.* at 2–3 (errors in original). Petitioner requests the court "issue a declaration as to the question presented in the petition in regards to his right to be appointed counsel due to being illiterate." *Id.* at 4.

II.    Discussion

    A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

2

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff seeks a declaratory judgment against the State of South Carolina regarding his right to be appointed counsel to represent him during the appeal of his § 1983 lawsuit. [ECF No. 1]. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

3

Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Although exceptions to a state's sovereign immunity exists, none applies to Plaintiff's case. *See e.g., U.S. v. State of S.C.*, 445 F. Supp. 1094, 1099 (D.S.C. 1977) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974)) (finding "the Declaratory Judgment Act, 28 U.S.C. § 2201-02 (1970), does not explicitly authorize suits against states and therefore cannot be used to circumvent the Eleventh Amendment"); *Ex Parte Young*, 209 U.S. 123 (1908) (abrogating Eleventh Amendment immunity for actions against state officials for prospective injunctive or declaratory relief to remedy ongoing violations of federal law); S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). Plaintiff's complaint fails to allege a viable claim against the State of South Carolina. Accordingly, the undersigned recommends this complaint be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 29, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).